# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**WILLIAM A. TACCINO,**

        **Plaintiff,**

**v.**                                                 **Civil Action No.: 3:16-CV-164 (GROH)**

**PATRICK MORRISEY, et al.**

        **Defendants.**

## REPORT AND RECOMMENDATION DISMISSING CASE

On November 22, 2016, Plaintiff, a non-prisoner living in Cumberland, Maryland, initiated this case pursuant to a civil rights complaint.[1] ECF No. 1. That same day, Plaintiff filed an Application to Proceed Without Prepayment of Fees. ECF No. 2. Accordingly, this case is now before the undersigned for a preliminary review and report and recommendation pursuant to 28 U.S.C. § 1915(e). For the reasons set forth below, the undersigned finds that the Complaint fails to state a claim for which relief can be granted and recommends that Plaintiff's Application to Proceed Without Prepayment of Fees be denied and the matter dismissed.

### I. THE COMPLAINT

In the Complaint, Plaintiff alleges violations of the following: his Fifth and Sixth Amendment rights, the NCIC system regulated by the FBI, independent foreclosure review, IRS tax codes and laws and U.S. Bankruptcy Code. ECF No. 1 at 2. Plaintiff's allegations result from events surrounding the foreclosure of the property on which his

---

[1] Plaintiff filed the Complaint in the District of Maryland. The case was transferred to the Northern District of West Virginia on December 2, 2016. ECF No. 3.

used car business was located from 2007 to 2008. Id.

In 2008, Plaintiff filed a federal civil action against numerous defendants alleging certain violations of federal and state law in connection with a real estate loan to purchase property at 97 Miltonberger Straight, Ridgeley, West Virginia. Taccino v. Homeq Services, et al., No. 3:08-CV-185 (2010). The loan on this Ridgeley, West Virginia, property fell into arrears and the holder of the note, U.S. Bank, N.A., foreclosed on the property. Id. When Plaintiff refused to turn over possession of the property, the purchaser of the property instituted a state court action to obtain possession. Id. In response to the state court action, Plaintiff filed Civil Action No. 3:08-CV-185 in federal court. Subsequently, U.S. District Judge Bailey granted summary judgment to all the defendants in that case. Id. From 2009 to 2010, Plaintiff fought the foreclosure and the eviction of his used car business from the foreclosed property. Judge Bailey found that Plaintiff "pled no facts which would indicate that the defendants' foreclosure on the property or their attempt to gain possession of what was purchased at the foreclosure sale was in any way wrongful." Taccino v. Homeq Servs., No. 3:08-CV-185, 2010 WL 8755785, at *5 (N.D. W. Va. Feb. 18, 2010), aff'd sub nom. Taccino v. Homeq Servicing, 399 F. App'x 799 (4th Cir. 2010). Judge Bailey's ruling in that case was affirmed and became effective on October 26, 2010.

In the instant Complaint, it appears that Plaintiff is asserting that two warrants were incorrectly issued by Magistrate Roby in Mineral County between December 2012 and February of 2013. ECF No. 1 at 14. Plaintiff alleges that one warrant was issued for failure to deliver a vehicle title and the other warrant for the theft of five dealer tags. ECF No. 1-2,

at 37; ECF No. 1 at 27. He further alleges that the warrants were "bogus" and that Defendants have conspired against him by issuing the warrants and later not terminating the warrants. ECF No. 1.

## II. STANDARD OF REVIEW

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs." L.R. Gen. P. 3.01; see also 28 U.S.C. § 1915(a)(1). The plaintiff files this affidavit along with their request or Motion for Leave to Proceed *In Forma Pauperis*. *See* FED. R. CIV. P. 24. The Supreme Court has explained that the purpose of the "federal *in forma pauperis* statute…is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. *See* 28 U.S.C. § 1915(e). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* (i.e., based on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. When reviewing a case filed by a plaintiff proceeding *pro se*, the court

liberally construes the complaint. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

As stated above, under the federal *in forma pauperis* statute, a case may be dismissed if the court finds the complaint to be frivolous. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit either in law or fact. Neitzke, 490 U.S. at 325. A complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See id. at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," or where the claims rely on factual allegations which are "clearly baseless." Id. at 327; see also Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

The federal *in forma pauperis* statute also allows for a court to *sua sponte* dismiss a complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(B)(2). The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. A "claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

### III. ANALYSIS

Title 42, United States Code, Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

In Iqbal, the Supreme Court made clear that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged….Threadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Additionally, the Iqbal Court ruled that when constitutional claims are premised on a defendant's allegedly illicit purpose, the district court should consider whether there is a more plausible explanation for the defendant's actions than the one alleged in the complaint. Id.

Plaintiff must establish four elements to proceed with a Section 1983 action: (1) conduct by a "person" (2) who acted "under color of state law" (3) proximately causing (4)

a deprivation of a federally protected right. 42 U.S.C. § 1983. In Pearson v. Callahan, 555 U.S. 223 (2009), the Supreme Court held that federal district courts may decide whether the complaint states a violation of a federally protected right or whether to proceed directly to the qualified immunity issue of whether the defendant violated clearly established federal law. Id.

In the present case, the undersigned recommends dismissing the Complaint because Plaintiff's claims are filed against Defendants entitled to qualified immunity, are untimely under the applicable statute of limitations or against Defendants who are not state actors. Additionally, Plaintiff's conspiracy defamation/slander and infliction of "undue stress" claims are not sufficiently plead to state a claim on which relief can be granted.

A. **IMMUNITY**

   1. **QUALIFIED IMMUNITY- DISMISSAL OF PATRICK MORRISEY, ATTORNEY GENERAL OF THE STATE OF WEST VIRGINIA**

An official sued under Section 1983 is entitled to qualified immunity unless it is shown that the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct. 42 U.S.C.A. § 1983. A defendant seeking qualified immunity in a Section 1983 case cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it; in other words, existing precedent must have placed the statutory or constitutional question confronted by the defendant beyond debate. 42 U.S.C.A. § 1983, see also Plumhoff v. Rickard, 134 S.Ct. 2012, 2023 (2014).

In the Complaint, Plaintiff names Patrick Morrisey, Attorney General of the State of West Virginia, as a defendant. Plaintiff's claims against Defendant Morrisey include obstruction of justice, conspiracy and inflicting undue stress by failing to take action regarding the alleged bogus warrants after Plaintiff's written demand by certified mail. However, a letter to the attorney general does not produce a constitutional right and refusing to answer that letter or take action is not a violation of a constitutional right. Therefore, the undersigned recommends DISMISSAL OF PATRICK MORRISSEY, Attorney General of the State of West Virginia, in his official capacity and individual capacity, as a defendant and DISMISSAL OF COUNT ONE with prejudice.

### 2. **JUDICIAL IMMUNITY- DISMISSAL OF SUE ROBY, DECEASED MINERAL COUNTY, WEST VIRGINIA MAGISTRATE**

Judges are immune from liability for damages for acts committed within their judicial jurisdiction. Bradley v. Fisher, 80 U.S. 335 (1872). Imbler v. Patchman, 424 U.S. 409, 419 (1976). Judicial immunity does not attach when a judicial officer acts in the clear absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir.1987). The doctrine of judicial immunity, however, "attaches even if the act in question was in excess of [the judge's] authority." Jackson v. Houck, 181 F. App'x. 372, 372 (4th Cir.2006) (quoting Mireles v. Waco, 502 U.S. 9, 12-13 (1991)). "This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." Id. (adopting doctrine of absolute judicial immunity in Section 1983 actions) (internal citation omitted).

In the Complaint, Plaintiff names Sue Roby, Mineral County, West Virginia Magistrate as a defendant in this action. Plaintiff's claims against Defendant Roby include obstruction of justice, conspiracy, defamation/slander, inflicting undue stress and violations of the Fifth and Sixth Amendments. In support of these claims, Plaintiff asserts that, on December 15, 2014, Defendant Roby "refused to respond to Plaintiff Taccino's demand that she withdraw/cancel the bogus warrants, which were based on false evidence, that she supposedly issued against him." ECF No. 1 at 14.

The undersigned finds that Defendant Roby is entitled to judicial immunity because she was acting in her judicial capacity in deciding whether to issue or terminate the warrants against Mr. Taccino. Additionally, the undersigned notes that Defendant Roby is now deceased. Accordingly, the undersigned recommends the DISMISSAL OF SUE ROBY, deceased Mineral County, West Virginia Magistrate, in her official capacity and individual capacity, as a defendant and DISMISSAL OF COUNT TWO with prejudice.

3. **PROSECUTORIAL IMMUNITY- DISMISSAL OF JAY COURRIER, MINERAL COUNTY WEST VIRGINIA PROSECUTOR**

Prosecuting attorneys sued pursuant to 42 U.S.C. § 1983 are absolutely immune from individual liability when performing prosecutorial functions. Imbler v. Pachtman, 424 U.S. 409 (1976); Ostrrzenski v. Seigel, 177 F.w3d 245 (4th Cir. 1999). For example, prosecutors are entitled to absolute immunity when seeking extradition of a defendant, Dababnah v. Keller-Burnside, 208 F.3d 467 (4th Cir. 2000), or deciding to prosecute an arrestee. Wadkins v. Arnold, 214 F.3d 535 (4th Cir. 2000). Furthermore, a prosecuting attorney has absolute immunity "for initiating a prosecution and in presenting the State's case," Imbler, at 431, including preparing and filing charging documents. Kalina v.

Fletcher, 522 U.S. 118, 129 (1997).The only exception is when the prosecuting attorney acts in the role of administrator or investigative officer, rather than as a prosecutor. Imbler, 424 U.S. at 430. Thus, when a court determines whether a prosecuting attorney is entitled to absolute immunity, it must examine the type of activity performed, not the identity of the individual who performed it. Forrester v. White, 484 U.S. 219, 229 (1988).

In the Complaint, Plaintiff names Jay Courrier, prosecuting attorney for Mineral County, West Virginia [now 21st Judicial Circuit Judge] as a defendant. Plaintiff's claims against Defendant Courrier include obstruction of justice, conspiracy, malicious frivolous prosecution, defamation/slander and violation of his Fifth and Sixth Amendment rights. In support of these claims, Plaintiff asserts that, on March 24, 2015, Defendant Courrier refused to respond to Plaintiff's demand to withdraw/cancel the bogus warrants issued against him.[2] ECF No. 1 at 15.

The undersigned finds that Defendant Courrier was clearly performing prosecutorial functions when the warrants were issued and in his refusal to respond to the demand to withdraw those warrants. Consequently, Defendant Courrier is entitled to immunity concerning his actions involving Plaintiff. As a result, the undersigned recommends DISMISSAL OF JAY COURRIER, Mineral County West Virginia Prosecutor, in his official capacity and individual capacity, as a defendant and DISMISSAL OF COUNT THREE with prejudice.

**B. STATUE OF LIMITATIONS- DISMISSAL OF JOE E. MILLER, WVDMV COMMISSIONER, JAMES DAVIS, WVDMV'S INSPECTOR, AND JOHN**

---

[2] The events that occurred in 2013 are barred by the statute of limitations. The only issue addressed by the undersigned is whether the 2015 failure to respond to Plaintiff's inquiry about the outstanding 2013 warrants is actionable under Section 1983. See Part III.B. (discussing the pertinent statute of limitations).

**DROPPLEMEN, SERGEANT**

A plaintiff must file a Section 1983 action within the prescribed time period. Because there is no federally prescribed statute of limitation, courts look to and apply their respective state's statutes of limitation. See Owens v. Okure, 488 U.S. 235, 249–50 (1989). The Fourth Circuit has recognized that "in the absence of any state statute of limitations specifically applicable to suits to redress a violation of civil rights, the West Virginia limitation on personal injury actions applies." McCausland v. Mason County Bd. of Ed., 649 F .2d 278 (4th Cir.1981), cert. denied, 454 U.S. 1098 (1981). Under West Virginia law, the applicable period of limitation upon a plaintiff's right to file a personal injury is two-years from the time the cause of action accrued. See W.Va.Code § 55–2–12(b). Although the limitation period is borrowed from state law, the question of when a cause of action accrues is answered according to federal law. See Brooks v. City of Winston–Salem, NC, 85 F.3d 178, 181 (4th Cir.1996). Under federal law, a cause of action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action" Nasim v. Warden, MD House of Corr., 64 F.3d 951, 955 (4th Cir.1995) (*en banc*), cert. denied, 516 U.S. 1177 (1996) (citing United States v. Kubrick, 444 U.S. 111, 122–24 (1979)). "Accrual of a claim does not 'await awareness by the plaintiff that his injury was negligently inflicted.'" Nasim, 64 F.3d at 955 (quoting Childers Oil Co., Inc. v. Exxon Corp., 960 F.2d 1265, 1272 (4th Cir.1992)). Accordingly, for a Section 1983 action, "a cause of action accrues either when the plaintiff has knowledge of his claim or when he is put on notice—e.g., by the knowledge of the fact of injury and who caused it—to make reasonable inquiry and that inquiry would reveal the existence of a colorable claim." Nasim, 64 F.3d at 955. To

determine when a plaintiff possessed knowledge of his injury, the court "may look to the common-law cause of action most closely analogous to the constitutional right at stake as an 'appropriate starting point.'" Brooks, 85 F.3d at 181 (citations omitted).

In the Complaint, Plaintiff names Joe E. Miller, WVDMV Commissioner, as a defendant. Plaintiff's claims against Defendant Miller include fraud, conspiracy, violation of Plaintiff's Fifth Amendment rights and defamation/slander. ECF No. 1 at 15. In support of these claims, Plaintiff asserts that, on September, 2012, Defendant Miller issued false citations in order to close Plaintiff's small business and revoke Plaintiff's dealer's license. Id.

Additionally, in the Complaint, Plaintiff names James Davis, WVDMV Inspector, as a defendant. Plaintiff's claims against Defendant Davis include fraud, conspiracy, violation of Plaintiff's Fifth Amendment rights, defamation/slander, inflicting undue stress and harassment. ECF No. 1 at 16. In support of these claims, Plaintiff asserts that, from December 2012 to February 2013, Defendant Davis falsely accused Plaintiff of stealing five dealer tags and that Defendant Davis placed the tag number and Plaintiff's name on the bogus warrants, subsequently posting them on the NCIC in January and February of 2013. Id. Further, Plaintiff alleges that Defendant Davis gave false information that resulted in the issuance of those bogus warrants and that he then refused to correct the information. Id. Finally, Plaintiff alleges that Defendant Davis harassed him by phone in February 2013, accusing Plaintiff of criminal activity. Id.

Further, in the Complaint, Plaintiff names John Droppleman, Sergeant of the West Virginia State Police, as a defendant. Plaintiff's claims against Defendant Droppleman include fraud, conspiracy, obstruction justice, assault, harassment, violations of his Fifth

and Sixth Amendment rights, attempted extortion, defamation/slander and inflicting undue stress. ECF No. 1 at 16. In support of these claims, Plaintiff asserts that, on numerous occasions spanning from October 2012 through March 2013, Defendant Droppleman threatened to do bodily harm to Plaintiff and harassed Plaintiff over the phone. Additionally, Plaintiff alleges that Defendant Droppleman swore under oath that Plaintiff committed crimes for which Defendant Droppleman obtained the bogus warrants. Id. at 17. Further, Plaintiff alleges that his character was defamed thereby and that his Fifth Amendment rights were violated. Id. Finally, he contends that Defendant Droppleman attempted to extort him when Defendant Droppleman sought to have him turn himself in on the warrants and use his home to post bond. Id.

The applicable statute of limitations for an action filed pursuant to Section 1983 is based upon the State's limitations period applicable to a personal injury action. 42 U.S.C.A. § 1983. Green v. Rubenstein, 644 F. Supp. 2d 723 (S.D.W. Va. 2009). A two-year statute of limitations is applicable to Section 1983 actions brought in West Virginia. Plaintiff alleges that his injuries from these Defendants occurred from September of 2012 through March of 2013. Plaintiff alleges that he was put on notice of these "bogus" warrants no later than March 2013. This action was not filed until November 22, 2016. The statute of limitation ran on all three of these claims in March of 2015, two years after the last alleged injury and a year-and-a-half before this action was filed.

Accordingly, the undersigned recommends DISMISSAL of JOE E. MILLER, WVDMV Commissioner, JAMES DAVIS, WVDMV's inspector, and JOHN DROPPLEMEN, Sergeant of the West Virginia State Police, in their official capacities and individual capacities, as defendants and DISMISSAL of COUNTS FOUR, FIVE and SIX

with prejudice.

### C. IMPROPER PARTIES-NOT STATE ACTORS- DISMISSAL OF DEFENDANTS NELSON MICHAEL, ESQ., MICHAEL SHAY, ESQ., RALPH BRADY, KEITH BRADSHAW, BRIDGETT COHEE, ESQ., TRACEY B. EBERLING, ESQ. AND JASON P. FOSTER, ESQ.

Generally speaking, to state and prevail upon a claim under Section 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. 42 U.S.C. § 1983. First, the Court finds that Defendants Michael, Shay, Cohee, Eberling and Foster were not "state actors." It is well established that an attorney does not act under the color of state law when retained or court-appointed. Vermont v. Brillon, ——U.S. ——, 129 S.Ct. 1283, 1291 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor"); Polk County v. Dodson, 454 U.S. 312 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Hall v. Quillen, 631 F.2d 1154, 1155–56 (4th Cir.1980) (state-appointed counsel is not acting under color of state law), cert denied, 454 U.S. 1141 (1982); Deas v. Potts, 547 F.2d 800 (4th Cir.1976) ("A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amenable to suit under § 1983.").

Plaintiff alleges that Nelson Michael, Esq., prepared a deed dated October 18, 2012, naming Ralph Brady as the owner/purchaser of the property involved in Plaintiff's foreclosure cases in 2008 and 2010. ECF No. 1 at 17-18. Michael Shay, Esq., allegedly

13

worked in the law firm with Nelson Michael, Esq. Id. at 18. Bridgett Cohee, Esq., and Tracey B. Eberling, Esq. were attorneys in the law firm Steptoe & Johnson and represented the State of West Virginia in Plaintiff's lawsuits against the State of West Virginia regarding the foreclosure of the property. Id. at 20-21. Jason P. Foster, Esq. was an employee of Steptoe and Johnson, LLP, and represented Rick Connors of Express Mortgage in a civil action filed by Plaintiff with regard to the foreclosure of his property.[3] Id. at 21.

It is clear that these were private attorneys retained to represent their clients and that, therefore, they were not acting under color of state law. Id. at 19-20. Accordingly, as to these Defendants, a Section 1983 action cannot be maintained.

Plaintiff further asserts that Ralph Brady is a former neighbor of Plaintiff's and that Mr. Brady purchased Plaintiff's property at foreclosure. ECF No. 1 at 19. Keith Bradshaw is the owner of Bradshaw's Towing Ridgeley, West Virginia, and allegedly removed two vehicles from the foreclosed property on November 2, 2012. Id. at 19-20. Plaintiff does not claim that these Defendants are state actors or were acting under color of state law. Therefore, Plaintiff's Section 1983 claims against these Defendants must be dismissed.

In conclusion, the undersigned recommends DISMISSAL of Nelson Michael, Esq., Michael Shay, Esq., Ralph Brady, Keith Bradshaw, Bridgett Cohee, Esq., Tracey B. Eberling, Esq., and Jason P. Foster, Esq. as Defendants and DISMISSAL of COUNTS SEVEN, EIGHT, NINE, TEN, ELEVEN, TWELVE and THIRTEEN with prejudice.

---

[3] Plaintiff does not identify the civil action or the court where the civil action was filed. However, in Civil Action No. 3:08-CV-185, filed in this district, Plaintiff filed an Amended Complaint naming Rick Connor and Express Mortgage as defendants. Jason P. Foster of Steptoe & Johnson, LLP, represented these defendants in that case.

### E. PLAINTIFF'S CLAIMS OF CONSPIRACY, DEFAMATION/SLANDER and INFLICTING UNDUE STRESS DO NOT ESATABLISH CONSTITUTIONAL VIOLATIONS

Finally, the undersigned finds that Plaintiff's conclusory allegations of a conspiracy do not establish a constitutional violation. Specifically, Plaintiff alleges that all Defendants conspired against him in failing to terminate warrants issued against him during the time that his property in West Virginia was being foreclosed upon. To allege a claim of conspiracy, Plaintiff must establish the following elements: (1) an agreement between two or more persons, which constitutes the act and (2) the doing of either an unlawful act or a lawful act by unlawful means. See United States v. Burgos, 94 F.3d 849, 857 (4th Cir.1996), *cert. denied,* 519 U.S. 1151 (1997). Mere conclusory allegations of a conspiracy do not demonstrate the "meeting of the minds" element and therefore, fails to state a cognizable claim. See Brown v. Angelone, 938 F .Supp. 340, 346 (W.D.Va.1996). Because Plaintiff does not allege any facts to establish that Defendants formed an agreement to falsely issue warrants or improperly issue warrants against Plaintiff, Plaintiff's claim does not rise to the level of constitutional magnitude.

Likewise, Plaintiff's conclusory allegations of defamation/slander and inflicting undue stress do not establish a constitutional violation. Reputation alone does implicate any "liberty" or "property" interests sufficient to invoke the procedural protection of the due process clause or defamation/slander by a state official in a section 1983 action. Paul v. Davis, III, 96 S.Ct. 1155 (1976). In this case, there is no allegation that the "bogus warrants" had ever been made public[4] or executed causing the Plaintiff to be detained. As for Plaintiff's infliction of undue stress claim, the statute of limitation has run with

---

4 Plaintiff claims that the warrants are in the NCIC data base, which is not available to the public.

regard to some of the defendants as noted above. As to the other defendants that allegedly did not reply to Plaintiff's request to terminate the bogus warrants, failure to respond is not an outrageous intentional behavior as is required by West Virginia Law. See Nester v. Bank One Corp., 224 F.Supp.2d 1344, (D. Utah 2002)(stating that failure to respond does not constitute an outrageous conduct for purposes of inflicting emotional distress claim); See also Travis v. Acon Laboratories, Inc. 504 S.E.2d 419 (1998)(stating the elements of infliction of emotional distress claims in West Virginia.)

## IV. RECOMMENDATION

Accordingly, the undersigned **RECOMMENDS** that Defendants Patrick Morrisey, Sue Roby, J. Courrier, Joe E. Miller, James Davis, John Droppleman, Nelson Michael, Michael Shay, Ralph Brady, Keith Bradshaw, Bridgette Cohee, Tracy B. Eberling and Jason P. Foster, Esq. be **DISMISSED** from the action in accordance with 28 U.S.C. § 1915(e) because the Complaint [ECF No. 1] fails to state a claim upon which relief can be granted against these Defendants as discussed above. Additionally, the undersigned **RECOMMENDS** that Counts One through Thirteen be **DISMISSED WITH PREJUDICE** for the same reasons.

The undersigned further **RECOMMENDS** that Plaintiff's **MOTION [ECF No. 2]** for leave to proceed in forma pauperis be **DENIED** and that Plaintiff's **MOTION [ECF No. 6]** to change venue be **DENIED.**

Finally, the undersigned **RECOMMENDS** that this case be **DISMISSED WITH PREJUDICE** and placed among cases ended.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of

the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** February 8, 2017

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE